Filed 3/8/16  P. v. Gingerich CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079472 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F8027) |
| v. | |
| JACOB ALLAN GINGERICH, | |
| Defendant and Appellant. | |

Defendant Jacob Allan Gingerich was resentenced under Proposition 47.  (Pen. Code, § 1170.18.)[1]  On appeal, he contends the trial court erred in failing to credit him for prison time he served prior to his resentencing.  The People concede that error, and we agree.

---

[1] Undesignated statutory references are to the Penal Code.

1

## I. BACKGROUND

On January 7, 2014, in case number 13F8027 (case one), defendant pleaded no contest to willful infliction of corporal injury. (§ 273.5, subd. (a).) The court suspended imposition of sentence and placed him on probation for three years.

Eight months later, in case number 14F4563 (case two), defendant pleaded no contest to grand theft of property taken from a person (§ 487, subd. (c)) and admitted to having a prior strike (§ 1170.12). On September 25, 2014, the court imposed a four-year state prison term (the middle term doubled because of the strike) for the grand theft charge in case two. The court also revoked probation for the corporal injury conviction in case one, imposing a concurrent three-year state prison term. The court awarded 169 days of credit in case one (85 actual, 84 conduct), and 76 days of credit in case two (38 actual, 38 conduct).

On May 8, 2015, the trial court granted defendant's motion to resentence his grand theft conviction in case two, pursuant to Proposition 47. The court reduced the grand theft conviction to a misdemeanor and vacated the prior sentence. The court then imposed a four-year state prison term for the corporal injury conviction in case one. The court awarded 169 days of custody credit (85 actual, 84 conduct)—the same amount of credits that had been previously awarded at the September 25, 2014, sentencing.

## II. DISCUSSION

Defendant now challenges the custody credits awarded, arguing the trial court failed to credit him for 225 days he served between sentencing on September 25, 2014, and resentencing on May 8, 2015, which was triggered by the reduction of his grand theft conviction to a misdemeanor. The People concede that error. The parties are correct, and we modify the judgment accordingly.

When a felony sentence is modified during the term of imprisonment, the trial court must calculate the actual time served and credit that time against the subsequent sentence. (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) Defendant is thus

2

entitled to credit for 225 days of actual time he served in state prison between the September 25, 2014, sentencing and the May 8, 2015, resentencing.

### III.  DISPOSITION

The judgment is modified to reflect 225 days of credit that defendant is awarded for the actual time he spent in state prison.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


/S/

_____

RENNER, J.


We concur:


/S/

_____

RAYE, P. J.


/S/

_____

NICHOLSON, J.


3